■        In the Matter of the Probate of the Will of MAX SAFER, Deceased. BEULA KASS et al., Respondents; EDWARD SAFER et al., Appellants.— In a contested proceeding to probate two certain instruments as the decedent's will and a codicil thereto, respectively, Edward Safer (testator's brother and one of the contestants) and the three contingent residuary legatees appeal as follows from a decree of the Surrogate's Court, Nassau County, entered May 16, 1962 after a jury trial upon framed issues, which granted probate to the instrument propounded as the will and denied probate to the alleged codicil: (1) The contestant Safer appeals from the decree in its entirety. (2) the Three contingent residuary legatees appeal from so much of the decree as denied probate to the alleged codicil. As to the will, the Surrogate upon the trial dismissed all objections thereto and directed a verdict in the proponent's favor. As to the codicil, the Surrogate dismissed all objections thereto, except those raising the issues of testamentary capacity and undue influence which he submitted to the jury. The jury found in favor of the proponent on the issue of undue influence and in favor of the contestant Beula Kass on the issue of testamentary capacity. The result was that the will was admitted to probate but that the codicil was denied probate on the ground of testator's lack of testamentary capacity. Decree modified on the law by striking out its ninth, tenth and eleventh decretal paragraphs to the effect: (a) that the execution of the alleged codicil was not procured by fraud or undue influence; (b) that at the time of its execution the decedent was not of sound and disposing mind and memory; and (c) that the codicil is denied probate; and a new trial granted as to the issues of undue influence and testamentary capacity with respect to the codicil. As so modified, the decree, insofar as appealed from by the respective parties, is affirmed, with costs to abide the event of the new trial. We have considered the questions of fact and have determined that we would not grant a new trial upon those questions. In our

opinion, it was error to permit counsel for the contestant Beula Kass, in his summation to the jury, to read an article from a newspaper which was not in evidence. In the instant case, two medical expert witnesses were in disagreement as to the decedent's mental condition at the time of the execution of the codicil. The newspaper article was a story of a man who had been refused admission by four hospitals, although a physician had advised him to seek hospital care for a mental condition, and who within three days killed his wife and attempted to kill himself; and the article expressly posed the question whether the city was guilty of murder. The obvious purpose of reading the article was to influence the jury to believe, on the basis of a tragic and emotional occurrence which was no part of the evidence and which was inadmissible, that medical opinion that a given person is not mentally ill should be looked upon with suspicion. In our opinion, it was prejudicial error to permit counsel to read this extraneous article (cf. *Williams* v. *Brooklyn Elevated R. R. Co.,* 126 N. Y. 96; *Koelges* v. *Guardian Life Ins. Co.,* 57 N. Y. 638). It was also error to refuse to charge "that less mental faculty is required to execute a will than any other legal instrument" (*Matter of Coddington,* 281 App. Div. 143, 146; *Matter of Bossom,* 195 App. Div. 339, 343; *Matter of Ernst,* 194 Misc. 237, 239, mod. in other respects, 275 App. Div. 1020; *Matter of Whitmarsh,* 133 Misc. 858, 861). The trial court, in charging the jury, should have made reference to the nature of the testimony given by the medical expert witnesses. As a matter of fact, the court omitted to marshal the evidence. The court should also have granted the requests to charge that, under the will and the codicil, certain named persons would be entitled to the residuary estate. Those requests, fairly understood, meant only that those persons would have the residuary estate if said documents were admitted to probate. It was undisputed that, if the documents were probated, those persons would be the residuary legatees. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.